UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN STAR AUTO GROUP, LLC,  )
                                )
PLAINTIFF                       )
                                )
VS.                             )
                                )
LANCE WELCH                     )   CIVIL ACTION NO. 2:23-cv-1068
                                )
DEFENDANT                       )   JUDGE:_____
                                )
                                )   MAG.:_____

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Southern Star Auto Group, LLC, a Louisiana Limited Liability Corporation, for its cause of action against defendant, Lance Welch states as follows:

### INTRODUCTION AND PARTIES

1. This cause is an action against defendant for damages arising from his breaches of fiduciary duties and/or contract as more particularly described herein.

2. The sole member of Southern Star Auto Group, LLC ("Southern Star"), is Huey Pierce Woodard, Jr.("Pierce") who is domiciled in and a resident of the State of Mississippi.

3. Lance C. Welch ("Welch") the defendant is domiciled and residing in Tangipahoa Parish, Louisiana.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 USCA Sec. 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5.     This action arises out of the transaction of business and other activities by these parties in Tangipahoa Parish, Louisiana which is situated in the Middle District of Louisiana's assigned counties for venue purposes.

## FACTUAL ALLEGATIONS

6.     Sothern Star is in the used car business and operates from one lot located in Kentwood, Louisiana.

7.     Southern Star began operations in Kentwood, Louisiana in 2010.

8.     Pierce has always been and continues to be the sole manager and member of Southern Star.

9.     On or about January 14, 2018, Southern Star hired Welch as an operations management assistant whose duties included assisting with daily business operation, computer tech services, expansion of existing businesses and identifying new business opportunities on behalf of Southern Star, Pierce and other businesses owned by Pierce.

10.    Welch prior to being hired had represented to Pierce that he was an expert in the fields of marketing and business relations and that he had run his own businesses including a successful YouTube business.

11. In December 2020 – January 2021, while Welch was still employed by Southern Star, Amy Chassion and her husband Justin Chassion (collectively "Chassion") approached Welch seeking for him to provide professional services for them.

12. Welch discussed this opportunity with Pierce and Pierce and Welch agreed Welch could pursue this opportunity on behalf of Southern Star, that Southern Star would continue to pay Welch and that they would share in this opportunity on a 50/50 basis.

13. In connection with the foregoing opportunity with the Chassion a limited liability company was formed on March 2, 2021.

14. The name of the new limited liability company was and continues to be Cajun Two Step LLC (the "LLC").

15. Welch, individually and as agent of Southern Star agreed with Chassion as follows:

    a) The LLC membership would be 66 and 1/3rds Chassion and 33 and 2/3rds Welch/Southern Star.

    b) Cajun Two Step seasoning would be owned 50% Chassion and 50% Welch/ Southern Star.

    c) Cajun Two Step merchandise would be owned 50% Chassion and 50% Welch/ Southern Star.

16. Welch and Southern Star and agreed that Welch would own ½ of 33 and 2/3rds LLC membership interest and Southern Star would own ½ of 33 and 2/3rds LLC membership interest.

3

17. Welch and Southern Star agreed that Welch would own ½ of the 50% seasoning and merchandise revenue and Southern Star would own ½ of the 50% seasoning and merchandise revenue.

18. In May or June of 2021, the LLC contracted with Targil and Butcher Supply ("Targil") to manufacture a seasoning.

19. The first 5 purchases from Targil which were in excess of $165,000 were paid for by Pierce on behalf of Southern Star by use of his AMEX card.

20. Fortunately, the seasoning was a marketing success and Pierce was repaid in full.

21. When Pierce asked Welch why he was no longer being asked to purchase product he was told by Welch he was no longer needed and that the purchases were being made by the LLC.

22. Beginning May or June of 2001 the LLC operated out of a building owned by Pierce.

23. No rent was being charged until the LLC got on its feet and then it began paying rent to Pierce.

24. Welch continued on the payroll of Southern Star until May 6, 2022.

25. Welch's salary with Southern Star was $64,000 annually.

26. In March of 2021 Welch approached Pierce about purchasing a building for the LLC and in connection therewith Welch was given ½ of the downpayment for the building which amounted to $6800.00. The

building was purchased by Welch and he retained Southern Star's part of the downpayment.

27. By email dated December 12, 2022, Welch advised Pierce:

    a) There was never an agreement to split anything.

    b) He had been repaid what he loaned to buy the seasoning and for the deferred rent.

    c) He did thank Pierce for providing the loans and deferred rent but they were all square now.

28. On information and belief Welch has received from the LLC, seasonings and/or merchandise thus far in excess of $365,000 (½ of $730,000) of which 182,500.00 or (½ of $365,000) is owed to Southern Star. Further Welch through a third party offered to purchase Southern Star's interest for $90,000. This offer was rejected as being far below the value of Southern Star's interest.

29. On information and belief Welch sold to the Chassion ½ of the merchandise ownership and receipts and thus entitling Southern Star to ½ of the same.

30. Welch has refused, despite numerous requests, to provide Southern Star any information regarding the business opportunity with Chassion.

### COUNT 1: BREACH OF FIDUCIARY DUTY/MANDATARY

31. Southern Star realleges and incorporates herein by this reference all of the foregoing facts and allegations.

32. As Southern Star's mandatary Welch had a special relationship with and owed a fiduciary duty to Southern Star and as a result Welch owes it an accounting for all benefits received by him in connection with the business transactions with Chassion and the LLC.

### COUNT 2: BREACH OF FIDUCIARY DUTY/JOINT VENTURE

33. Southern Star realleges and incorporates herein by this reference all of the foregoing facts and allegations.

34. As a joint venture partner in connection with the business transactions with Chassion and the LLC, Welch had a special relationship of trust and a resulting fiduciary duty with Southern Star and as a result Welch owes it an accounting for all benefits received by him in connection with the business transactions with Chassion and the LLC.

### COUNT 3: BREACH OF CONTRACT

35. Southern Star realleges and incorporates herein by this reference all of the foregoing facts and allegations.

36. Further Welch owes Southern Star damages arising from the breach of his agreement with Southern Star. This includes ½ of the membership interest in the name of Welch, ½ of ½ of all seasoning revenues and payment to Welch for ½ of the merchandise revenue including what he received for the sale of the same.

### COUNT 4: DECLARATORY JUDGMENT

37. Southern Star realleges and incorporates herein by this reference all of the foregoing facts and allegations.

38. Southern Star in connection with the forgoing seeks a money judgment or, alternatively, a declaratory judgment pursuant to 28 U.S.C. section 2201, Articles1871-1883 of the Louisiana Code of Civil Procedure or any other appropriate provisions of law, declaring:

(a) Southern Star to be an owner of ½ of Welch's LLC membership interest.

(b) Southern Star to be a ½ owner of Welch's interest of the Cajun Two Step, LLC/ Southern Star to be a ½ owner of Welch's interest of the Cajun Two Step, LLC/Chassion seasonings.

(c) Southern Star to be a ½ owner of Welch's ½ interest of the Cajun Two Step merchandise and/or anything he received from the sale of the same.

39. In addition to any other relief requested herein, Southern Star pleads that is entitled to damages for all breaches of obligation, contracts, standards of care, together with all attorneys' fees and costs associated therewith. Southern Star further pleads for interest from the date of breach or demand, whichever is earlier, and for all general, specific and equitable relief available under the premises.

WHEREFORE, Complainant, Southern Star Auto Group, LLC, requests that this Complaint be served upon the Defendants and that they each be required to answer and, after due proceedings, there be a declaratory judgment as prayed

for hereinabove, a judgment for monetary damages, attorneys' fees, costs, and all other specific and general relief available under the circumstances, including interest from the date of breach or the date of demand, whichever is earlier, and for all other relief.

                                              Respectfully submitted,

                                              */s/ Richard A. Richardson*
                                              **RICHARD A. RICHARDSON (17217)**
                                              **9 Starbrush Circle, Suite 102**
                                              **Covington, LA 70433**
                                              **Tel. 985-888-1700**
                                              **Fax:  888-645-4234**

                                              Attorney for Southern Star Auto Group, LLC